UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ryan Gregory Pik,                                             Civ. No. 16-3038 (PAM/HB)

                    Plaintiff,

v.                                                    **MEMORANDUM AND ORDER**

Mark Schiltz and Lisa Erlandson, in their
individual capacities, and Houston County,

                    Defendants.

_____

       This matter is before the Court on Defendant's Motion for Summary Judgment.

For the following reasons, the Motion is granted.

**BACKGROUND**

       On October 17, 2013, a Minnesota State Trooper arrested Plaintiff Ryan Pik after

a traffic stop near La Crescent, Minnesota.  Because Pik had an outstanding warrant for

his arrest in Wisconsin, the trooper transported Pik to the Houston County Law

Enforcement Center.  Pik remained in jail until October 30, when he was transported to

Wisconsin.

       During his time at the jail, Pik was often belligerent and violent, and once had to

be restrained.  On October 21, Pik punched the wall in his cell and injured his left hand.

(Hiveley Aff. (Docket No. 26) Ex. 4 (Houston County Jail log) at 3.)   The Jail

Administrator, Defendant Mark Schiltz, examined Pik's hand and gave Pik an ice pack

and ibuprofen.  (Id. Ex. 6 (Schiltz Dep.) at 10-11.)  The jail's nurse, Defendant Lisa

Erlandson, also examined Pik's hand.  (Id.)  Erlandson noted that, although Pik's hand

was swollen, Pik could move all of his fingers and his wrist. (Id. Ex. 15 (Erlandson Dep.) at 21.) She did not believe Pik suffered any broken bones and recommended that he continue with ibuprofen and ice packs. (Id. Ex. 14 (Jail nurse observation notes).)

Erlandson saw Pik again four days later, observing that he could move all of his fingers. (Id.) She also noted that officers reported that Pik continued to "hit his hand on the wall when he becomes upset" and that this conduct "continues to irritate the area which causes pain." (Id.) Four days later, on October 28, Erlandson again noted that Pik continued to hit the wall with his injured hand. (Id.)

Pik visited a physician after his release from custody in Wisconsin. An X-ray revealed that he had suffered a fracture in his fifth metacarpal, or his pinky finger. (Id. Ex. 17 (Mayo Clinic progress note, Nov. 5, 2013).) The doctor put Pik's hand in a cast but it was not necessary to manipulate the fracture at all, as it had not been displaced and had begun healing. (Id.) Pik subsequently re-injured the hand but did not require significant follow-up care. He now has full use of his hand. (Id. Ex. 2 (Pik Dep.) at 62.)

Pik instituted this lawsuit in state court, and Defendants removed it to federal court in early September. Pik's Complaint raises three counts: a § 1983 claim for deliberate indifference as to Schiltz and Erlandson, a failure-to-train claim against the County, and a Monell claim against the County. In his memorandum in opposition to Defendants' Motion, Pik concedes that Defendants are entitled to summary judgment on his claims against the County and his claim regarding failure to receive mental health care or medication. (Pl.'s Opp'n Mem. (Docket No. 29) at 2.) Thus, the only claim remaining is his claim for deliberate indifference to serious medical needs as to Schiltz and Erlandson.

2

**DISCUSSION**

To establish a claim of deliberate indifference to serious medical needs under 42 U.S.C. § 1983, Pik must show both "an objectively serious medical need" and "that the defendant actually knew of, but deliberately disregarded, such need." Vaughn v. Gray, 557 F.3d 904, 908 (8th Cir. 2009). In addition, because the jail officials here are state actors, Pik must overcome their qualified immunity defense. To do this, he must show that "the facts, viewed in the light most favorable to [him], demonstrate the deprivation of a constitutional or statutory right" and that "the right was clearly established at the time of the deprivation." Howard v. Kansas City Police Dep't, 570 F.3d 984, 988 (8th Cir. 2009). Pik asserts a claim for deliberate indifference for failing to allow him to see a physician and for intentional delay in treatment.

An objectively serious medical need is one that is either supported by a physician's diagnosis or is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Bailey v. Feltmann, 810 F.3d 589, 594 (8th Cir. 2016). "Establishing the subjective component of a deliberate indifference claim requires showing 'a mental state akin to criminal recklessness' and neither negligence nor gross negligence are sufficient." Ryan v. Armstrong, 850 F.3d 419, 425 (8th Cir. 2017) (quoting Thompson v. King, 730 F.3d 742, 746-47 (8th Cir. 2013)).

Pik contends that, because the nurse admitted that swelling could be a sign of a fracture and also admitted that a fracture of the fifth metacarpal would require a physician's attention, he has adequately established a genuine issue of fact as to whether injury was "so obvious that even a layperson would easily recognize the necessity for a

3

doctor's attention."   Bailey, 810 F.3d at 594.   But Pik misses a necessary step: merely

because swelling can be a symptom of a fracture does not mean that every detainee with a

swollen hand must be transported to the doctor.   Rather, the question here is whether

Pik's injury was so objectively serious that Schiltz and Erlandson knew or should have

known that he needed to see a physician.   The only evidence is that both Schiltz and

Erlandson examined Pik and did not believe that his injury was serious.   Pik's self-

serving testimony regarding his requests to see a physician notwithstanding, he cannot

establish any genuine issue of material fact as to whether his medical need was so serious

or obvious that it was criminally reckless for Defendants to fail to transport him to a

doctor.

Similarly, Pik cannot establish deliberate indifference arising out of the alleged

delay in treatment.   Indeed, Pik does not set forth any damages caused by the alleged

delay, merely asserting that Defendants' "arguments regarding delayed treatment are not

persuasive."   (Pl.'s Opp'n Mem. at 6.)   But an inmate alleging deliberate indifferent

based on a delay in medical treatment must "establish the detrimental effect of [that]

delay."   Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005).   "Intentional delay in

providing medical treatment shows deliberate disregard if a reasonable person would

know that the inmate requires medical attention or the actions of the officers are so

dangerous that a knowledge of the risk may be presumed."   Gordon ex rel. Gordon v.

Frank, 454 F.3d 858, 862 (8th Cir. 2006).   Pik has not established any detrimental effect,

much less that Defendants' actions in allegedly delaying medical treatment rise to

deliberate indifference.

**CONCLUSION**

Pik cannot establish that Defendants were deliberately indifferent to his serious medical needs.  Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion for Summary Judgment (Docket No. 23) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: <u>January 23, 2018</u>

*s/ Paul A. Magnuson*

Paul A. Magnuson
United States District Court Judge
